DOMENGEAUX, Chief Judge,
dissenting.
Leblanc, an experienced crane operator, knew that the pressure being applied by him to the padeye on the motor shed exceeded safe limits. He was operating an extremely powerful and potentially dangerous piece of equipment in a manner he knew to be extremely dangerous. Le-Blanc’s actions were a cause in fact of the accident. LeBlanc had a duty to protect not only the plaintiff, but also the other *87 Glassock and Duke employees present on the scene.
Under the circumstances of this accident, it is immaterial whether Ardoin or Des-hotels was in overall control of the operation. The underlying fact is that the experienced crane operator Leblanc knew that the tension applied to the crane by the operation was exceeding safe limits. Knowing so, it is evident to me that his responsibility was to refrain from placing additional stress on the crane. He obviously knew that his actions could have resulted (as they did) in serious bodily injury to someone. Knowing the danger involved, he, and of course his principal, cannot escape responsibility by seeking umbrage because of the warning to Deshotels.
In LeBlanc v. Roy Young, Inc., 308 So.2d 443 (La.App. 3d 1975), in addressing the question of a crane operator’s responsibility, we stated:
Crane operators are highly skilled workmen and are presumed to know of the hazards involved in the performance of their duties in respect to the operation of their large and potentially dangerous equipment. It was the operator’s job to conduct the operation within the capability of the crane in a safe manner. Cuvillier was the expert and in this respect it was his responsibility to use such caution and skill as was commensurate to the total situation.”
I respectfully suggest that the judgment of the trial court should be reversed and that we should proceed to determine the appropriate amount of damages to which plaintiff may be entitled, and to also recognize the intervention of appellant, Transportation Insurance Company.